UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

v.

Michigan First Credit Union, Business Checking and Savings Account, Acct. XXXX2688 (24-DEA-714241) and Michigan First Credit Union, Business Checking and Savings Account, Acct. XXXX7715 (24-DEA-714237),

Defendants *in rem*.
_____________________________________/

Civil Case No. 2:26-cv-14031

Honorable
Magistrate Judge

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR FORFEITURE

Now comes Plaintiff, United States of America, by and through its counsel, Jerome F. Gorgon, Jr., United States Attorney for the Eastern District of Michigan, and Philip A. Ross, Assistant United States Attorney, and states upon information and belief as follows in support of this Complaint for Forfeiture:

1. This is an *in rem* civil forfeiture action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) and 981(a)(1)(C) resulting from violation or violations of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846 and 18 U.S.C. § 1956 together with 1957.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this forfeiture action under Title 28 United States Code, Section 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under Title 28 United States Code, Section 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4. Venue is proper before this Court under Title 28, United States Code, 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court under Title 28, United States Code, 1395(b) because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendants *in rem* in this action consists of currency seized from the following bank accounts: Michigan First Credit Union, Business Checking and Savings Account, Acct. XXXX2688 held in the name of Bloom Healthcare Management PC and Michigan First Credit Union, Business Checking and Savings Account, Acct. XXXX7715 held in the name of Total Healthcare Management PC.

7. Members of the Drug Enforcement Administration ("DEA") seized the Defendants *in rem* on July 9, 2024.

8. The Defendants *in rem* are currently in the custody of the United States Marshals Service. The Defendants *in rem* have since been deposited into the United States Department of Justice Seized Assets Deposit Fund.

**<u>STATUTORY BASIS FOR CIVIL FORFEITURE</u>**

9. Civil forfeiture is authorized by Title 21, United States Code, 881(a), which provides, in pertinent part, that:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
> . . .
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6)

Title 18 United States Code, Section 981(a)(1)(A) and (C) provides that the following property is subject to forfeiture to the United States:

> (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.
>
> ....

> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

**FACTUAL BASIS IN SUPPORT OF CIVIL FORFEITURE**

10. The Defendants *in rem constitute or were derived from proceeds of and or property involved in the facilitation of* violations of Title 21, United States Code, Sections 841(a)(1) and 846 and/or property involved in violations of Title 18, United States Code, Sections 1956 and/or 1957 and is therefore subject to federal forfeiture pursuant to Title 21, United States Code, 881(a)(6) and/or Title 18, United States Code, Sections U.S.C. § 981(a)(1)(A) and 981(a)(1)(C). Evidence supporting forfeiture includes, but is not limited to, the following:

a. Bianca Leverett owned Total Health Care Management PC (17260 W. 10 Mile Rd., Southfield, MI) and Bloom Healthcare Management PC (14650 W. Warren Ave. Suite #300, Dearborn, MI) (Leverett clinics) between 2020-2025.

b. Annie Crispell, mother of Leverett, operated both health care clinics, Total Health Care Management PC and Bloom Healthcare Management PC.

c. Law enforcement surveillance observed Annie Crispell leaving Total Health Care Management PC and Bloom Healthcare Management PC and proceed to Michigan First Credit Union where investigators have confirmed cash deposits were made into the accounts associated with the Leverett clinics.

d. Multiple sources reported that individuals could receive Schedule II controlled substances, which are commonly obtained for illicit purpose. The sources reported that the individuals who received controlled substances were required to pay cash for office visits despite having health insurance, which is a common modus operandi, for prescription drug diversion. A source reported that the appointments at one of the clinics varied based upon prescription received.

e. Electronic prescribing data illustrate that one prescriber at the Leverett clinics issued opioid prescriptions to 21 individuals within a three-hour window of time, which illustrates that the individuals did not receive physical examinations required under the usual course of professional conduct for medical providers. This same rapid issuance of prescribing opioids occurred on multiple occasions at the Leverett clinics. Physical and electronic surveillance corroborates the information found within electronic prescribing data.

f. The Leverett clinics, Bloom Health Care Management and Total Health Care Management, churned through common individuals, who received prescriptions for controlled substances.

g. Total Health Care Management PC and Bloom Healthcare Management PC d a conspiracy to distribute illegitimate opiate-based prescriptions.

h. The Drug Enforcement Administration retained a physician to review medical records for individuals receiving controlled substance prescriptions at the Leverett clinics. The review of medical records found that the issuing medical providers "failed to perform a complete and thorough medical evaluation, failed to define an objective and opiate-responsive diagnosis; and failed to institute a multi-disciplinary and individualized treatment pain management treatment plan."

i. Multiple issuing prescribers associated with the Leverett clinics have relinquished their DEA registrations since the execution of the search warrants at the Leverett clinics.

j. A review of bank records by law enforcement revealed that the cash prescription narcotic diversion scheme proceeds are being laundered by structuring the cash into bank accounts held in the names of Total Health Care Management PC and Bloom Healthcare Management PC and controlled by Bianca Leverett and Annie Crispell. These funds were then transferred to Bianca Leverett and Annie Crispell's personal bank accounts to fund their lifestyle of travel, luxury vehicles, and shopping at high-end retail stores with the proceeds laundered.

## CLAIM

11. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs One (1) through Eleven (10) above, and all subparagraphs therein.

12. The details surrounding the seizure of the Defendants *in rem*, from Michigan First Credit Union bank accounts held in the name of Bloom Healthcare Management PC and Total Healthcare Management PC are indicative of criminal proceeds derived from distribution of controlled substances and money laundering activities.

13. The Defendants *in rem* are forfeitable to the United States under Title 21 United States Code, Section 881(a)(6) and/or Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C) because it was it is proceeds of and or property used or intended to be used to facilitate the commission of knowing violation or violations of Title 21, United States Code, Sections 841(a)(1) and 846 and/or Title 18, United States Code, Sections §§ 1956 and/or 1957.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury in this case.

## RELIEF

WHEREFORE Plaintiff, the United States of America, respectfully requests that a warrant for arrest of the Defendants *in Rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendants *in Rem* be condemned and forfeited to the United States of America for disposition according

to law; and, that the United States be granted other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JEROME G. GORGON, JR.
United States Attorney

S / Philip A. Ross
PHILIP A. ROSS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9790
Email: Philip.ross@usdoj.gov
VA Bar No. 70269

Dated: October 22, 2026

**VERIFICATION**

I, Jillian D. Fitch, state that I am a Special Agent with the United States Department of Justice, Drug Enforcement Administration (DEA). I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

Jillian D. Fitch, Special Agent

Dated: 10/21/26